Filed 1/30/25  P. v. Thomas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100287 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE011789) |
| v. | |
| DEWITT JAMAR THOMAS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dewitt Jamar Thomas asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

In August 2023, in an attempt to dissuade the victim from testifying in a case, defendant willfully threatened to use force or violence against her because she had given assistance or information to police or the prosecution in furtherance of that case.

1

Later that month, defendant was charged with making criminal threats while armed with a firearm. (Pen. Code, §§ 422, 12022, subd. (a)(2).)[1] A preliminary hearing was held the same day.

In October 2023, over a defense objection, the trial court granted the prosecution's motion to dismiss the action and refile.

Later that month, after a second preliminary hearing, an amended information was filed alleging defendant made criminal threats (§ 422), dissuaded a witness from testifying at trial (§ 136.1, subd. (a)(2)), and committed misdemeanor battery (§ 242). A firearm enhancement was alleged as to the criminal threats count. (§§ 12022.5, subd. (a), 12022, subd. (a)(1).)

On December 20, 2023, the prosecution requested a continuance based on an absent witness. Defendant opposed the request and asked the trial court to dismiss the matter, arguing section 1382 required a felony trial to commence within 60 days of arraignment (or by December 22, 2023). Defendant further argued the prosecution's motion to continue was untimely and violated the spirit of section 1050, which delineates certain requirements for continuing criminal matters. The court granted the request to continue.

Later that month, defendant filed another motion to dismiss pursuant to section 1382. The prosecution again requested a continuance. The trial court again continued the matter during a January 2, 2024, hearing.

Two days later, defendant pled no contest to felony threatening a witness (a related charge to the dissuading a witness count). (§ 140.) The parties agreed the remaining allegations would be dismissed, imposition of sentence would be suspended, and

---

[1] Undesignated statutory references are to the Penal Code.

defendant would be placed on two years of probation with a jail sentence of time served as a condition of probation.

The trial court subsequently ordered a two-year term of probation, including a condition of 321 days in jail (that matched defendant's presentence custody credit). The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 probation revocation fine (suspended unless probation is revoked) (§ 1202.44), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment fee (Gov. Code, § 70373). The court dismissed the remaining allegations.

Defendant's request for a certificate of probable cause on appeal was denied.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.

/s/_____
Duarte, J.

We concur:

/s/_____
Earl, P. J.

/s/_____
Renner, J.

4